# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| KYLE HOLLAND | § | |
| | § | |
| V. | § | A-18-CV-259- RP |
| | § | |
| UNITED STATES DISTRICT | § | |
| JUDGE LEE YEAKEL | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Before the Court is Kyle Holland's Application to Proceed *In Forma Pauperis* (Dkt. No. 2) and Financial Affidavit in Support, along with his Complaint (Dkt. No. 1). The District Court referred the above-motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing Holland's Application to Proceed *In Forma Pauperis*, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Holland *in forma pauperis* status and **ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Holland is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of

court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a review of the claims made in Holland's Complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon the Defendants should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon the Defendants.

## II. SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

### A. Standard of Review

Because Holland has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable

inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

**B.    Holland's Lawsuit**

Holland files this lawsuit under 28 U.S.C. § 1983 alleging that United States District Judge Lee Yeakel "has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts because Judge Lee Yeakel is unable to discharge all of the duties of the office by reason of mental, and emotional, instability." Complaint at p. 1. Holland filed this lawsuit after Judge Yeakel dismissed one of Holland's other lawsuits for frivolousness under § 1915. See *Holland v. Massad*, 1:18-CV-004-LY (W.D. Tex. Feb. 2, 2018) (order dismissing § 1983 lawsuit for lack of jurisdiction where plaintiff attempted to re-litigate domestic relations case).[1] Instead of filing an appeal with the Court of Appeals for the Fifth Circuit, Holland filed the instant lawsuit against Judge Yeakel. Although not entirely clear, it also appears that Holland is attempting to file a complaint of judicial misconduct against Judge Yeakel in the instant Court. Holland filed an identical lawsuit against Judge Lane which this Court has recommended be dismissed under § 1915(e)(2)(B). *See Holland v. Lane*, 1:18-CV-191 RP (W.D. Tex. March 26, 2018). Like his lawsuit against Judge Lane, Holland's lawsuit should be dismissed under § 1915.

---

[1]See also, *Holland v. Abbott*, 1:17-CV-1121-SS (W.D. Tex. Feb. 26, 2018) (dismissing Title VII religious discrimination lawsuit as frivolous); *Holland v. Abbott*, 1:17-CV-1122-SS (W.D. Tex. Feb. 26, 2018) (dismissing Equal Pay Act lawsuit as frivolous).

First, this § 1983 lawsuit should be dismissed because "federal judges are absolutely immune from suit with respect to 'acts committed within their judicial jurisdiction.'" *Lyons v. Sheetz*, 834 F.2d 493, 495 (5th Cir. 1987) (quoting *Pierson v. Ray,* 386 U.S. 547, 554 (1967)). "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Pierson*, 386 U.S. at 553–54. "This immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Id.* at 554 (internal quotations and citations omitted). Because Holland is attempting to attack rulings Judge Yeakel made within his judicial jurisdiction, Judge Yeakel is immune, and Holland's suit fails to state a claim.

This lawsuit should also be dismissed because § 1983 only applies to *state* actors acting under color of state laws. Because Judge Yeakel is a federal official and not a state actor, he is not a proper party under § 1983. *See Evans v. Ziporkin*, 471 F. App'x 302, 303 (5th Cir. 2012) (holding that plaintiff's civil action against an employee of the Social Security Administration acting under federal law "was not proper under Section 1983, which only applies to state actors acting under color of state law."); *Lyons*, 834 F.2d at 495 ("The Lyonses have failed to state a claim under § 1983 because the defendants are federal employees and officials acting pursuant to federal law and are not state actors acting under color of state law.").

Finally, Holland's lawsuit is also improper because he is asking this Court to directly review the decisions of another district court. Only the Fifth Circuit has jurisdiction to review the rulings of a district court. *See* 28 U.S.C. § 1291 (providing that courts of appeals have jurisdiction over

appeals from district courts). If Holland is unhappy with the District Court's rulings in his case, he must file an appeal with the Fifth Circuit Court of Appeals.

Based upon the foregoing, Holland has failed to state a claim for relief under § 1983 and his lawsuit should be dismissed under § 1915(e)(2)(B). If Holland desires to file a complaint of judicial misconduct against Judge Yeakel, he must file such a complaint with the Judicial Council of the Fifth Circuit, not this Court.

## III. ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Holland *in forma pauperis* status (Dkt. No. 2). Service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report. The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS** Holland's § 1983 lawsuit with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## III. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 2 day of April, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE